# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

POSITANO PLACE AT NAPLES II
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                                                              Case No: 2:21-cv-181-SPC-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Dismiss (Doc. 15). Plaintiff Positano Place at Naples II Condominium Association, Inc. responded in opposition (Doc. 25). The Court grants the Motion in part.

This is a Hurricane Irma insurance dispute.[2] The storm damaged Positano Place's property. An insurance policy between Positano Place and Empire covered the loss (the "Policy"). Empire decided there was a covered

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] At this point, the Court accepts the well-pled facts as true and draws all reasonable inferences for Positano Place. *Gates v. Khokar*, 884 F.3d 1290, 1296 (11th Cir. 2018).

loss, but refused to pay the full extent of the loss. Because the parties disputed the amount of loss, Positano Place invoked the Policy's appraisal provision. That provision provides either party the right to invoke appraisal for amount-of-loss disputes and sets out a procedure for doing so. But Empire refused to comply with the appraisal process.

Positano Place brings a two-count Complaint. Count 1 seeks specific performance of the Policy in the form of compelling appraisal. Count 2 alleges breach of contract for Empire's failure to conduct appraisal. Empire moves to dismiss both. Sitting in diversity, the Court applies Florida substantive law. *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017).

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

First, Empire wants to dismiss Count 1 (specific performance).

Specific performance is an equitable remedy—not a cause of action. *Sardinas v. Miami Veterinary Specialists, P.A.*, No. 1:20-cv-22987-BLOOM/Louis, 2020 WL 7241364, at *10 (S.D. Fla. Dec. 8, 2020). When faced with freestanding petitions to compel appraisal, some courts order repleading. *Creekside Crossing Condo Ass'n v. Empire Indem. Ins.*, No. 2:20-cv-136-FtM-60MRM, 2020 WL 1904011, at *1 (M.D. Fla. Apr. 17, 2020) (*Creekside 1*). Ultimately, however, parties can seek appraisal through breach of contract and declaratory judgment actions. *See Castillo at Tiburon Condo. Ass'n v. Empire Indem. Ins.*, No. 2:20-cv-468-FtM-38MRM, 2020 WL 7587181, at *1-2 (M.D. Fla. Dec. 22, 2020); *Creekside Crossing Condo. Ass'n v. Empire Indem. Ins.*, No. 2:20-cv-00136-JLB-MRM, 2020 WL 5973177, at *2-4 (M.D. Fla. Sept. 2, 2020) (*Creekside 2*). What's more, parties can enforce appraisal provisions by bringing specific performance claims. *E.g.*, *People's Tr. Ins. v. Nowroozpour*, 277 So. 3d 135, 136-37 (Fla. Dist. Ct. App. 2019).[3]

Empire argues the remedy of specific performance is unavailable because an adequate remedy exists at law—money damages for breach of contract. To get specific performance, a plaintiff must show (1) she is "clearly entitled to

---

[3] *Residences at European Vill. Condo. Ass'n v. Rockhill Ins.*, No. 3:19-cv-1490-J-20JRK, 2020 WL 5948314, at *4 (M.D. Fla. July 17, 2020) ("The appropriate avenue for [insured] to seek appraisal would be to file a claim for specific performance and a motion to compel appraisal at the appropriate juncture."); 16 Couch on Ins. (Third) § 232.170 ("A policy's requirement for an appraisal of a loss may be specifically enforced.").

3

this remedy; (2) there is no adequate remedy at law; and (3) justice requires it." *La Gorge Palace Condo Ass'n v. QBE Ins.*, 733 F. Supp. 2d 1332, 1334 (S.D. Fla. 2010). Positano Place alleged each element. So Empire's argument to the contrary is unavailing. And it's unclear how there is any adequate remedy at law. Positano Place seeks to enforce its contractual right to compel appraisal. Appraisal provisions—like arbitration agreements—are stipulations to the forums where disputes should be decided. *See Webb Roofing & Constr., LLC v. Fednat Ins.*, No. 2D20-1881, 2021 WL 1277974, at *2 (Fla. Dist. Ct. App. Apr. 7, 2021).[4] Here, the parties contracted for the right (if properly invoked) to have amount-of-loss disputes decided informally by experienced appraisers. Empire provides no support for its argument this Court can somehow grant equivalent relief through money damages.

In essence, Empire seeks a sweeping ruling: it wants the Court to go past the pleading stage and hold Positano Place cannot enforce the appraisal provision because it alternatively sued for money damages. Yet Empire provides no authority for such a broad holding. Under Empire's theory, Positano Place (or any insured for that matter) could never invoke the appraisal provision because they could sue for damages instead. This ignores

---

[4] The Court recognizes that formal arbitration rules do not govern informal appraisals. *Allstate Ins. v. Suarez*, 833 So. 2d 762, 765-66 (Fla. 2002). Still, Florida courts treat these provisions similar in many ways. *Fednat*, 2021 WL 1277974, at *2.

the plain language of the appraisal provision—enforceable by either party—and converts it into a mechanism only Empire could invoke. *See, e.g.*, *Citizens Prop. Ins. v. Casar,* 104 So. 3d 384, 385-86 (Fla. Dist. Ct. App. 2013) ("What is appraised and whether a party can be compelled to appraisal depend on the contract provisions."). And Empire's argument defies legions of Florida cases, which regularly compel appraisals if properly invoked by a party to an insurance policy. *E.g.*, *State Farm Fla. Ins. v. Speed Dry, Inc.,* 292 So. 3d 1260, 1262 (Fla. Dist. Ct. App. 2020).⁵ Among those cases are situations, as here, when a party seeks specific performance. *Nowroozpour,* 277 So. 3d at 136-37; *People's Tr. Ins. v. Vidal,* 305 So. 3d 710, 715-16 (Fla. Dist. Ct. Ct. 2020).

Likewise, Empire's contention that Count 1 should state the elements of a mandatory injunction falls flat. *See Castillo,* 2020 WL 7587181, at \*1-2 (calling Empire's similar argument "a nonstarter and nonsensical"). Empire doesn't point to a single case holding a plaintiff must allege facts supporting a mandatory injunction to state specific performance. This is unsurprising. While specific performance and injunctions are sisters in equity, Florida law differentiates them. *Nowroozpour,* 277 So. 3d at 136-37; *see also Melbourne Ocean Club Condo. Ass'n v. Elledge,* 71 So. 3d 144, 146 (Fla. Dist. Ct. App.

---

⁵ *People's Tr. Ins. v. Garcia,* 263 So. 3d 231, 234-35 (Fla. Dist. Ct. App. 2019); *State Farm Fla. Ins. v. Sheppard,* 268 So. 3d 1006, 1007 (Fla. Dist. Ct. App. 2019); *MKL Enters. LLC v. Am. Traditions Ins.,* 265 So. 2d 730, 731 (Fla. Dist. Ct. App. 2019).

5

2011) (explaining the difference between specific performance and injunction). The relief Positano Place seeks is specific performance (i.e., to compel performance of an affirmative obligation under the Policy).

So the Motion is denied as it relates to Count 1. Neither side moved to compel appraisal yet, and the Court expresses no opinion on the merits of such a motion today.

Finally, Empire seeks dismissal of Count 2 (breach of contract).

This claim has three elements: "(1) a valid contract; (2) a material breach; and (3) damages." *People's Tr. Ins. v. Valentin*, 305 So. 3d 324, 326 (Fla. Dist. Ct. App. 2020) (citation omitted). For most breach actions in the first-party insurance context, only general damages are recoverable. *See Sai Hospitality Mgmt. Co. v. Rockhill Ins.*, No. 2:20-cv-00280-JLB-MRM, 2021 WL 463812, at *2 (M.D. Fla. Feb. 9, 2021). To get extra-contractual, consequential damages, plaintiff must bring a separate bad-faith action. *Citizens Prop. Ins. v. Manor House, LLC*, No. SC19-1394, 2021 WL 208455, at *2-3 (Fla. Jan. 21, 2021).

Count 2 does not allege damages flowing directly from the breach. Empire is correct this claim narrowly focuses on consequential damages resulting from the refusal to appraise. For instance, Count 2 doesn't contend Empire breached the Policy by refusing to pay out the entire covered loss. Instead, it simply says the refusal to appraise caused unidentified damages

6

attributable to delay.  For that reason, *Creekside 2* is inapt.  See 2020 WL 5973177, at *3-4; *see also* Castillo, 2020 WL 7587181, at *1-2.  So Count 2 is dismissed without prejudice.  On repleading, Positano Place must allege general damages from Empire's breach.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 15) is **GRANTED in part**.

(1) Count 2 is **DISMISSED without prejudice**.

(2) Plaintiff must **FILE** an amended complaint **on or before May 10, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 26, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7